224 So.2d 242

**LEACH MANUFACTURING COMPANY, Inc.**

v.

**J. P. PUCKETT.**

7 Div. 811.

Supreme Court of Alabama.

June 12, 1969.

Simmons & McCrary, and William W. Cardwell, Jr., Gadsden, for appellant.

Hubert H. Wright, Rowan S. Bone, Gadsden, for appellee.

PER CURIAM.

This proceeding was commenced in the Circuit Court of Etowah County for the recovery of benefits under the Alabama Workmen's Compensation Law, Code 1940, Title 26, § 253 et seq., as amended, by J. P. Puckett, appellee, for disability allegedly resulting from an accident which arose out of and in the course of his employment by Leach Manufacturing Company, Inc., a corporation, defendant below and petitioner here. The trial court awarded compensation to the plaintiff on the basis of total and permanent disability and the case is here on certiorari.

The pleading, consisting of two counts, presents no problem on this appeal. One count claims a disfiguring injury materially affecting employability and the other count presented a claim for permanent and total disability. The complaint was amended and demurrers filed, but there was no ruling thereon, a plea in short having been filed bringing the case to issue.

After the trial began, a stipulation noted that "the only determination to be made by the Court was to determine the total disability, if any, of the plaintiff and to what he is entitled under the statute." The court in its final decree hereinafter set forth found in favor of the plaintiff and awarded permanent and total disability for a period of four hundred weeks, deducting thirteen weeks' compensation already paid.

"DECREE

"This matter comes before the Court on the sworn petition of J. P. Puckett, plaintiff, seeking benefits under the Workmen's Compensation Act, as amended, from Leach Manufacturing Company, Inc., a corporation, defendant. It was stipulated between the plaintiff and defendant that both plaintiff and defendant were subject to the workmen's compensation statute; that the plaintiff was employed by the defendant and his injury arose out of and in the course of his employment of which the defendant had notice; that the plaintiff, based on his average weekly wages and dependents, would be entitled to the maximum benefits of $38.00 per week, and after pleading in short by consent, it was further stipulated that the only determination to be made by the Court was to determine the total disability, if any, of the plaintiff and to what he is entitled under the statute.

"There were present in Court, the plaintiff in his own proper person and by his attorneys and the defendant by its representative and its attorney. The Court has viewed the actual injury to the plaintiff, observed the plaintiff in open court, watched the plaintiff's movements with his right arm and hand and also his disability, has heard the testimony of the witnesses orally, and upon consideration of the competent testimony, the Court finds as follows:

"FINDING OF FACT

"J. P. Puckett, the plaintiff, was employed by the defendant on August 10, 1966 and at that time the relation of employer and employee or master and servant, as defined by the Workmen's Compensation Act of Alabama, existed between the parties. The plaintiff was injured while engaged in the employer's business on said date and the injury arose out of and in the course of his employment. The employer had immediate notice of the accident.

"The Court finds that the plaintiff was injured while on the job as an apprentice learning the sheet metal trade when a shearing machine severed and amputated the index or first finger, middle or second

finger, ring or third finger and little or fourth finger from the right hand of the plaintiff, who is right handed, at the first or proximal joint of each phalange.

"The Court finds that of all jobs or reasonably gainful employment which the plaintiff, by his education, training and experience, could possibly perform, 98 percent of same require finger dexterity.

"The Court further finds that since the date of the injury, the plaintiff has sought reasonably gainful employment in the local labor market, not only for jobs related to his education, training, experience and physical ability, but for any gainful employment which included Goodyear Tire and Rubber Company, Republic Steel Corporation, Allis Chalmers Manufacturing Company, local sheet metal concerns, Gadsden Police Department, U. S. Army, and local industries including the chicken industry; and that the plaintiff is 100 percent occupationally disabled.

"The Court further finds that the plaintiff has had experience, training and reasonably gainful employment prior to injury as instrument man on a survey team, electric wiring, generator and electric motor repair and sheet metal apprentice; that the plaintiff is 100 percent occupationally disabled and cannot find any employment to which he is qualified by education, training or experience, and cannot find reasonably gainful employment in the local labor market.

"The Court finds that the plaintiff was earning an average weekly wage of $75.00 per week before the injury complained of in this case and that his ability to earn after the injury is nil based on his 100 percent occupational disability

"The Court finds that the plaintiff was earning average weekly wages which would entitle him, with a wife and three minor children as dependents, to receive the maximum benefit of $38.00 per week under the statute.

"The Court finds that the medical, hospital and drug expenses heretofore incurred as a result of said injury have been paid by the defendant.

"The Court finds that the plaintiff has suffered 100 percent total disability to the body as a whole as a result of his injury and that the plaintiff should be paid for a period of 400 weeks total and permanent disability. Plaintiff has already been paid for 13 weeks' compensation for a total of $494.00 by the defendant.

"JUDGMENT

"The Court finds from the evidence and it is the judgment of the Court that the defendant in this cause is subject to the workmen's compensation laws of Alabama, and that the plaintiff was an employee of the defendant at the time of the injury complained of, and that the personal injury to the plaintiff was caused by an accident arising out of and in the course of his employment. It is, therefore,

"CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the plaintiff is entitled to receive compensation of 100 percent permanent and total disability to the body as a whole for said personal injury and compensation is hereby awarded to the plaintiff in the sum of $38.00 per week for 400 weeks, less 13 weeks which have previously been paid to the plaintiff in the amount of $494.00 which would be 387 weeks which is now due the plaintiff; or, on a lump sum basis, 400 weeks computed at 345.3357 weeks for $13,-122.76 less $494.00 previously paid for $12,-628.76.

"CONSIDERED, ORDERED AND ADJUDGED FURTHER BY THE COURT that Rowan S. Bone and Hubert H. Wright be paid attorneys' fees for their services in behalf of the plaintiff and the said fee be and the same hereby is fixed at 15 percent of the amount which shall be paid.

"Dated this 12th day of December, 1967.

A B Cummingham

A. B. CUNNINGHAM
CIRCUIT JUDGE"

A motion for new trial was timely filed and overruled, with exception granted.

■ It is apparent that the trial court omitted to file a statement of law and facts as required by statute.—Title 26, § 304, Code 1940. This omission can cause a reversal.—Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589.

■ The omission noted above does not prevent our further consideration of the decree in an effort to fully understand the basis of the award.—Birson v. Decatur Transfer and Storage, Inc., 271 Ala. 240, 122 So.2d 917.

The evidence presented was not too much in conflict. The testimony may be divided into two classifications, one relating to the injury and the other dealing with disability resulting therefrom and the employability of the petitioner, along with his efforts to secure employment with local industry.

The attending surgeon testified regarding the amputation of the last two digits of the four fingers of the right hand and the treatment rendered to make "a suitable closure." He testified that he did not recall any other injuries. The medical report of the amputations was introduced showing the location of the amputations.

The petitioner testified that he was right-handed and that his work in electrical repair and radio work required the use of all fingers. He then related his efforts to obtain employment in the local labor market, all being unsuccessful. Petitioner was thirty-two years of age, and married with three young children. He had acquired a high school education and served for eight years in the U. S. Army, attaining the rank of sergeant.

■ Following recovery and with the approval of his physician some weeks after the accident, the plaintiff returned to work, but was given a change of duties. This employment continued to the date of trial and included a promotion, together with a pay raise. His employer indicated that his services were satisfactory. We recognize that this employment does not in any way prevent or prejudice a full and fair consideration of his contentions for additional compensation.—Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591.

Prior to the trial and on the advice of his attorney, the plaintiff sought gainful employment in the local labor market at Allis Chalmers, Goodyear Tire & Rubber Co., Dixon Heating Co., and a number of other industries in that area. He was unable to secure gainful employment at any of these places. An office manager of the Department of Industrial Relations of the Alabama State Employment Service was a witness. He testified that 98% of all jobs, outside professional fields, require finger dexterity. He testified that the plaintiff was not employable at Goodyear Tire & Rubber Co., Allis Chalmers Manufacturing Co., Republic Steel Company, nor in heavy industry, and that it would be difficult to place him in retail sales.

The plant supervisor for the company where the plaintiff had been and was still employed testified that he had been given different work following his injury as a painter's helper and that he was still employed as a trainee. On cross-examination the office manager of the Alabama State Employment Service testified that the plaintiff was employable, although the injury reduced the number of jobs that he could handle. The plaintiff testified that he presently uses his injured hand in his work in holding a spray gun, but stated that the palm and wrist on the injured hand were not affected.

Other than the loss of four fingers, what physical injury does the evidence

show the petitioner sustained? What about disfigurement, as claimed in the amended complaint? There is no evidence of any disfigurement, nor did the court in its decree refer to this type of injury or make any allowance therefor. We all know that any amputation or removal of a finger would have some scar, but according to the doctor's testimony a "suitable closure was performed."

■ The decree states: "The Court has viewed the actual injury to the plaintiff, observed the plaintiff in open court, watched the plaintiff's movements with his right arm and hand and also his disability, * * *" This statement in no way indicates any disability other than the loss of the fingers which would, of course, be apparent to the court as the witness took the stand and testified. We conclude that the petitioner (appellee) was due no compensation for any disfigurement.

It should be noted that the plaintiff did mention that on the work he was doing at the time of the trial he had to make use of his left hand and left arm, and that at night "it" did cause some "tingling and hurting" when raised and that this condition required the use of heat and liniment. Again we note that the court found no disability to the plaintiff's left arm or hand in setting forth the injuries sustained.

Section 279(C)1, Title 26, Code 1940, provides a schedule of compensation for disability resulting from the loss of certain members. The provision for the loss of four fingers of one hand is 110 weeks (effective at time of this injury).

Where scheduled benefits are provided for compensation for loss of a member they are not dependent on actual wage loss. There may be no loss of time involved. But when there has clean-cut loss of a scheduled member, with no complications, many jurisdictions hold that the schedule allowance for that member is exclusive.— Hawkeye-Security Ins. Co. v. Tupper, 152

Colo. 12, 380 P.2d 31; Little River Bank & Trust Co. v. Neal (Fla.), 154 So.2d 809; Holt v. West Kentucky Coal Co. (Ky.), 350 S.W.2d 155; Brewer v. Hilberg, 173 Neb. 863, 115 N.W.2d 437; Larson, Workmen's Compensation Law, Vol. 2, § 58.20; 99 C.J.S. Workmen's Compensation § 306, p. 1104.

We recognize the many variations that occur *when* there are resulting injuries that extend to other parts of the body and interfere with their efficiency. Then the schedule is and should not be exclusive.—Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315.

The case last cited, discussed at length by counsel, is of no assistance here in upholding the findings of the trial court. As pointed out in the appellant's reply brief, the facts are entirely different and for this reason the case is not applicable.

■ We hold that where there is an injury resulting in the loss of a member, or the loss of the use of a member, so as to invoke payment of compensation as provided in Title 26, § 279(C)1, and where this is not accompanied by other physical disability (of the body), the payment of the specified sum is intended to fully compensate the injured employee for the injury sustained. This would certainly include loss of earning capacity or inability to secure employment. True, in many cases the amount awarded (allowed) seems insufficient or inadequate, but this is a matter entirely within the function of our legislature.

While indulging in constructions or presumptions most favorable to the employee, we cannot invade the function of the legislature.—Wilborn Construction Co. v. Parker, 281 Ala. 626, 206 So.2d 872.

We conclude there was error in failing to file a written determination, which must contain a statement of the law and facts and conclusions as determined by the trial judge (Title 26, § 304, Code 1940).

We feel and decide that the court erroneously misapplied the law to facts of petitioner's injury in awarding compensation for permanent and total disability.

The above rulings were brought to the attention of the trial court in the motion for a new trial. We feel that this motion should have been granted and the failure to do so constituted reversible error.

Because of our findings above, it is unnecessary to consider other assignments of error.

For the errors indicated, the judgment is reversed and the cause remanded.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.