WRIGHT, Presiding Judge.
This is a workmen’s compensation case. Harold Bentley, employer, appeals from a judgment in favor of Billy Wayne Arnold, employee.
Claimant was employed as a mechanic by employer from July 1979 until September II, 1979. While he was working on an automobile axle, a piece of metal struck claimant in the right eye. As a result he lost partial vision in the eye.
Claimant filed suit for workmen’s compensation benefits. Judgment in favor of claimant was entered. Employer appeals.
Employer contends the judgment of the court is erroneous in that it awards both permanent total and permanent partial benefits for the loss of a scheduled member under § 25-5-57, Code of Alabama 1975. Where there is a loss of a scheduled member with no complications, claimant is not entitled to permanent total benefits. Leach Manufacturing Company v. Puckett, 284 Ala. 209, 224 So.2d 242 (1969). Our review of the judgment convinces us that only permanent partial benefits were awarded by the judgment. There are two instances of the use of the term “total permanent” in the judgment. In the first instance it is evident that the term refers to the “total” of payments. The second instance is clearly a mistake in usage. In each instance the amount of weekly benefit and the number of weeks awarded clearly were calculated on the basis of a ninety percent loss of use of the eye.
According to our calculations, ninety percent of the 124 weeks prescribed by § 25-5-57(a)(3)a(17), for the loss of an eye is III.6 weeks. Because employer had no insurance and failed to secure payment of compensation as required by § 25-5-8(b), Code 1975, the double recovery provision of § 25-5-8(e) doubled the number of weeks to 223.2 weeks (111.6 X 2). At $100 per week, the total compensation due is $22,320. The trial court in its judgment simply prescribed the manner of payment. Because of expiration of weeks, a $14,600 lump sum judgment for accrued payments was due. There was an additional $7,720 judgment for future payments of 77.2 weeks at $100. Regardless of terminology, the judgment was for the correct amount of benefits. We find no error.
Employer’s second issue relating to the sufficiency of the evidence regarding total permanent disability benefits is without merit. No other matter being raised, this ease is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.