997 So.2d 1038 (2007)
Ex parte Tommie L. JACKSON.
(In re Boise Cascade Corporation
v.
Tommie L. Jackson).
1061180.
Supreme Court of Alabama.
November 16, 2007.
Rehearing Denied January 18, 2008.
*1039 Joseph C. McCorquodale III and Christopher A. Bailey of McCorquodale & McCorquodale, Jackson, for petitioner.
Richard W. Franklin and P. Vincent Gaddy of Armbrect Jackson, LLP, Mobile, for respondent.
WOODALL, Justice.
On October 30, 2001, Tommie L. Jackson was employed by Boise Cascade Corporation ("the employer"). On that date, while in the course of his employment, Jackson jumped from a ladder, landed on a concrete floor, and thereby suffered a severely comminuted fracture of the left calcaneus, i.e., a broken left heel bone. Jackson later filed a workers' compensation action against the employer in the Clarke Circuit Court. After an ore tenus hearing, the trial court determined that Jackson had sustained a nonscheduled injury that resulted in a permanent total disability, and it calculated disability benefits accordingly. The employer appealed.
The Court of Civil Appeals reversed "the judgment of the trial court awarding [Jackson] permanent-total-disability benefits outside the schedule set out in § 25-5-57(a)(3)," Ala.Code 1975, and remanded the case "for the trial court to enter an appropriate award of permanent-partial-disability benefits pursuant to the schedule." Boise Cascade Corp. v. Jackson, 997 So.2d 1026, 1037 (Ala.Civ.App.2007) ("Jackson"). Jackson petitioned this Court for certiorari review, contending, in pertinent part, that the decision of the Court of Civil Appeals conflicts with this Court's decision in Ex parte Drummond Co., 837 So.2d 831 (Ala.2002). See Rule 39(a)(1)(D), Ala. R.App. P. See also § 12-3-16, Ala.Code 1975 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals...."). Having granted Jackson's petition, and having concluded that the decision of the Court of Civil Appeals conflicts with this Court's decision in Drummond, we reverse and remand.
On appeal to the Court of Civil Appeals, Jackson argued, in pertinent part, "that [his] injury is properly considered as one to the body as a whole because it has caused permanent pain in his ... lower back." Jackson, 997 So.2d at 1032 (footnote omitted). However, in reversing the trial court's judgment awarding nonscheduled disability benefits, the Court of Civil Appeals held "that the employee may not recover nonscheduled disability benefits... on the basis of complaints of back pain in the absence of a showing that the injury to his foot has caused a permanent physical injury to his back." Jackson, 997 So.2d at 1036 (emphasis added). It is this holding that Jackson contends conflicts with the test this Court adopted in Drummond for determining whether an injury to a scheduled member should be treated as unscheduled.
In Drummond, this Court adopted the following test: "`[I]f the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.'" 837 So.2d at 834 (quoting 4 Lex K. Larson, Larson's Workers' Compensation Law § 87.02 (2001)). This test clearly does not require damage to the physical structure of other parts of the body in order to take an injury out of the schedule. Consequently, the holding of the Court of Civil Appeals, by engrafting a permanent-physical-injury requirement onto the test adopted in Drummond, conflicts with this Court's holding in that prior decision.
The Court of Civil Appeals based its erroneous holding, in part, upon its interpretation of this Court's decision in Leach *1040 Manufacturing Co. v. Puckett, 284 Ala. 209, 224 So.2d 242 (1969), which this Court quoted with approval in Drummond:
"`[W]here there is an injury resulting in the loss of a member, or the loss of the use of a member, so as to invoke payment of compensation as provided [by the Workers' Compensation Act], and where this is not accompanied by other physical disability (of the body), the payment of the specified sum is intended to fully compensate the injured employee for the injury sustained."'
Drummond, 837 So.2d at 835 (quoting Puckett, 284 Ala. at 214, 224 So.2d at 247 (emphasis added)). In Drummond, the holding in Puckett was said to be "consistent with the policy expressed today and expressed in Larson's treatise," 837 So.2d at 835; consequently, the holding in Puckett was necessarily consistent with the test adopted in Drummond. Obviously, this Court was of the opinion that there was no meaningful distinction between the requirement that "the effects of the loss of the member extend to other parts of the body and interfere with their efficiency," as adopted in Drummond, and the requirement that "the loss of a member, or the loss of the use of a member, ... [be] accompanied by other physical disability (of the body)," as stated in Puckett. To construe this Court's approval of Puckett as creating a requirement for a permanent physical injury to other parts of the body in order to take the injury out of the schedule would be contrary to the test adopted in Drummond, as well as the test that preceded it. See Drummond, 837 So.2d at 833-34 (discussing Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968)).
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, STUART, SMITH, and MURDOCK, JJ., concur.
SEE and PARKER, JJ., concur specially.
BOLIN, J., concurs in the result.
SEE, Justice (concurring specially).
The majority opinion holds that the Court of Civil Appeals' decision conflicts with Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), and it reverses the judgment of the Court of Civil Appeals and remands this case. I agree.
Tommie L. Jackson filed a worker's compensation claim against Boise Cascade Corporation as the result of a fracture of his left heel that occurred in the course and scope of his employment. Jackson claimed that the injury to his heel extends to other parts of his body, namely his knee and back. The trial court agreed, finding that Jackson had sustained a nonscheduled injury that resulted in his permanent-total disability. Jackson argued on appeal to the Court of Civil Appeals, in pertinent part, "that [his] injury is properly considered as one to the body as a whole because it has caused permanent pain in his ... lower back." Boise Cascade Corp. v. Jackson, 997 So.2d 1026, 1032 (Ala.Civ.App. 2007) (footnote omitted). The Court of Civil Appeals reversed the trial court's judgment stating:
"Based on [Leach Manufacturing Co. v.] Puckett, [284 Ala. 209, 224 So.2d 242 (1969)], Drummond, and the persuasive authority from other jurisdictions cited herein, we hold that the employee may not recover nonscheduled disability benefits in this case on the basis of complaints of back pain in absence of a showing that the injury to his foot has caused a permanent physical injury to his back."
*1041 997 So.2d at 1036. This Court granted certiorari review to determine whether the decision of the Court of Civil Appeals conflicts with our holding in Ex parte Drummond Co., supra.
In Drummond we stated:
"[I]t was the intention of this Court in adopting in Bell [v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968),] the exception to the workers' compensation schedule to address those instances where the injury to a scheduled member caused such impairment to the body as a whole that the benefits reflected on the schedule were not appropriate."
837 So.2d at 834. We continued:
"We renew our commitment to the policy that underlay the Bell test and that is recognized in the current edition of 4 Lex K. Larson, Larson's Workers' Compensation Law § 87.02 (2001):
"`The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.'
"... [W]e today adopt the language recited above from Larson, Workers' Compensation Law § 87.02, as the test for determining whether an injury to a scheduled member should be treated as unscheduled...."
Drummond, 837 So.2d at 834-35.
Thus, the test is not, as the Court of Civil Appeals stated it, "that the injury to his foot has caused a permanent physical injury to his back," but whether the injury to the scheduled memberhere, the foot interferes with the efficiency of other members, such that this is one of "those instances where the injury to a scheduled member caused such impairment to the body as a whole that the benefits reflected on the schedule were not appropriate."[1]Drummond, 837 So.2d at 834. Because the Court of Civil Appeals has applied the wrong test, I concur with the majority opinion to reverse the judgment of that court and remand this case.
PARKER, Justice (concurring specially).
I concur with the conclusion in the majority opinion that the Court of Civil Appeals improperly added a requirement of physical injury to the test established in Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), for compensating an injury outside the schedule in Ala.Code 1975, § 25-5-57(a)(3). However, the majority fails to set forth the portion of Drummond that states the conditions under which pain may be a basis for compensating an injury outside the schedule.
In Drummond this Court recognized an exception established in Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), that removes certain injuries from the schedule:
"`[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the [Workers'] Compensation Law to the amount allowed under the schedule for injury to one member."'
837 So.2d at 833 (quoting Bell, 282 Ala. at 646, 213 So.2d at 811).
*1042 This Court in Drummond did not say there must be actual physical injury to another part of the body. Rather, it said the effect of the injury must extend to other parts of the body and produce a greater or more prolonged incapacity than that that naturally results from the specific injury.
An injury to one member could affect other parts of the body by causing pain in other parts of the body. However, the existence of pain alone is not sufficient to justify an award outside the schedule. This Court stated in footnote 11 in Drummond:
"This case does not present a situation in which the pain, although isolated to the scheduled member, causes a disability to the body as a whole. We recognize that pain can be totally, or virtually totally, debilitating, but his case does not present such a situation; therefore, we decline to address that situation here."
837 So.2d at 836 n. 11.
As I stated in my concurring opinion in Ex parte Masterbrand Cabinets, Inc., 984 So.2d 1146 (Ala.2007), "[T]his Court should not depart from the compensation schedule enacted by the legislature ... unless the plaintiff/worker presents objective evidence that the pain he or she experiences is truly disabling." (Parker, J., concurring specially). I also emphasized that the evidence of disabling pain must not be merely subjective:
"We should require a claimant who seeks compensation beyond the schedule in the Act because of disabling pain to prove either (1) that his or her pain extends to other parts of the body and so interferes with the use of those parts as to have a disabling effect on the entire body or (2) that the pain `is sufficiently abnormal in its frequency or continuity and in its severity,' Masterbrand [Cabinets, Inc. v. Johnson], 984 So.2d [1146,] 1152 [ (Ala.Civ.App.2005) ], and is present even when the scheduled member is not used, such that it has a disabling effect on the body as a whole. The resolution of this question of fact depends on the `totality of the lay and medical evidence' before the fact-finder. Crisp [v. Southern Silk Screen, Inc.], 451 So.2d [1260] at 1262 [(La.Ct.App. 1984) ]. The pain claimed, thus, must be consistent with the medical evaluation of the injury."
984 So.2d at 1152 (Parker, J., concurring specially).
Jackson alleges both (1) that the injury to his heel extends to his back, disabling his entire body, and (2) that the pain in the heel is so severe as to disable the whole body. Under either theory, he should substantiate his claim with substantial objective evidence that his claim of disabling pain is "consistent with the medical evaluation of the injury."
I would reverse the decision of the Court of Civil Appeals and remand the case to the trial court to determine (1) whether Jackson's claims of pain in his knee and back are supported by sufficient evidence, and (2) whether this pain is so severe as to be disabling.
NOTES
[1] It does not appear that Jackson is raising the question this Court left unaddressed in Drummond, i.e., whether one would be entitled to recovery outside of the schedule on the basis of pain that, "although isolated to the scheduled member, causes a disability to the body as a whole." Drummond 837 So.2d at 836 n. 11.