On October 30, 2001, Tommie L. Jackson was employed by Boise Cascade Corporation ("the employer"). On that date, while in the course of his employment, Jackson jumped from a ladder, landed on a concrete floor, and thereby suffered a severely comminuted fracture of the left calcaneus, i.e., a broken left heel bone. Jackson later filed a workers' compensation action against the employer in the Clarke Circuit Court. After an ore tenus hearing, the trial court determined that Jackson had sustained a nonscheduled injury that resulted in a permanent total disability, and it calculated disability benefits accordingly. The employer appealed.
The Court of Civil Appeals reversed "the judgment of the trial court awarding [Jackson] permanent-total-disability benefits outside the schedule set out in § 25-5-57(a)(3)," Ala. Code 1975, and remanded the case "for the trial court to enter an appropriate award of permanent-partial-disability benefits pursuant to the schedule." Boise Cascade Corp. v.Jackson, 997 So.2d 1026, 1037 (Ala.Civ.App. 2007) ("Jackson"). Jackson petitioned this Court for certiorari review, contending, in pertinent part, that the decision of the Court of Civil Appeals conflicts with this Court's decision in Ex parte Drummond Co.,837 So.2d 831 (Ala. 2002). See Rule 39(a)(1)(D), Ala. R.App. P. See also § 12-3-16, Ala. Code 1975 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals. . . ."). Having granted Jackson's petition, and having concluded that the decision of the Court of Civil Appeals conflicts with this Court's decision inDrummond, we reverse and remand.
On appeal to the Court of Civil Appeals, Jackson argued, in pertinent part, "that [his] injury is properly considered as one to the body as a whole because it has caused permanent pain in his . . . lower back." Jackson, 997 So.2d at 1032
(footnote omitted). However, in reversing the trial court's judgment awarding nonscheduled disability benefits, the Court of Civil Appeals held "that the employee may not recover nonscheduled disability benefits . . . on the basis of complaints of back pain in the absence of a showing that the injury to his foot has caused a permanent physicalinjury to his back." Jackson, 997 So.2d at 1036
(emphasis added). It is this holding that Jackson contends conflicts with the test this Court adopted in Drummond
for determining whether an injury to a scheduled member should be treated as unscheduled.
In Drummond, this Court adopted the following test: "`[I]f the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.'"837 So.2d at 834 (quoting 4 Lex K. Larson, Larson's Workers'Compensation Law § 87.02 (2001)). This test clearly does not require damage to the physical structure of other parts of the body in order to take an injury out of the schedule. Consequently, the holding of the Court of Civil Appeals, by engrafting a permanent-physical-injury requirement onto the test adopted in Drummond, conflicts with this Court's holding in that prior decision.
The Court of Civil Appeals based its erroneous holding, in part, upon its interpretation of this Court's decision inLeach *Page 1040 Manufacturing Co. v. Puckett, 284 Ala. 209,224 So.2d 242 (1969), which this Court quoted with approval inDrummond:
 "`[W]here there is an injury resulting in the loss of a member, or the loss of the use of a member, so as to invoke payment of compensation as provided [by the Workers' Compensation Act], and where this is not accompanied by other physical disability (of the body), the payment of the specified sum is intended to fully compensate the injured employee for the injury sustained.'"
Drummond, 837 So.2d at 835 (quoting Puckett,284 Ala. at 214, 224 So.2d at 247 (emphasis added)). InDrummond, the holding in Puckett was said to be "consistent with the policy expressed today and expressed in Larson's treatise," 837 So.2d at 835; consequently, the holding in Puckett was necessarily consistent with the test adopted in Drummond. Obviously, this Court was of the opinion that there was no meaningful distinction between the requirement that "the effects of the loss of the member extend to other parts of the body and interfere with their efficiency," as adopted in Drummond, and the requirement that "the loss of a member, or the loss of the use of a member, . . . [be] accompanied by other physical disability (of the body)," as stated in Puckett. To construe this Court's approval of Puckett as creating a requirement for a permanent physical injury to other parts of the body in order to take the injury out of the schedule would be contrary to the test adopted in Drummond, as well as the test that preceded it. See Drummond,837 So.2d at 833-34 (discussing Bell v. Driskill, 282 Ala. 640,213 So.2d 806 (1968)).
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, STUART, SMITH, and MURDOCK, JJ., concur.
SEE and PARKER, JJ., concur specially.
BOLIN, J., concurs in the result.