The majority opinion holds that the Court of Civil Appeals' decision conflicts with Ex parte Drummond Co.,837 So.2d 831 (Ala. 2002), and it reverses the judgment of the Court of Civil Appeals and remands this case. I agree.
Tommie L. Jackson filed a worker's compensation claim against Boise Cascade Corporation as the result of a fracture of his left heel that occurred in the course and scope of his employment. Jackson claimed that the injury to his heel extends to other parts of his body, namely his knee and back. The trial court agreed, finding that Jackson had sustained a nonscheduled injury that resulted in his permanent-total disability. Jackson argued on appeal to the Court of Civil Appeals, in pertinent part, "that [his] injury is properly considered as one to the body as a whole because it has caused permanent pain in his . . . lower back." Boise Cascade Corp. v. Jackson,997 So.2d 1026, 1032 (Ala.Civ.App. 2007) (footnote omitted). The Court of Civil Appeals reversed the trial court's judgment stating:
 "Based on [Leach Manufacturing Co. v.] Puckett, [284 Ala. 209, 224 So.2d 242 (1969)], Drummond, and the persuasive authority from other jurisdictions cited herein, we hold that the employee may not recover nonscheduled disability benefits in this case on the basis of complaints of back pain in absence of a showing that the injury to his foot has caused a permanent physical injury to his back." *Page 1041 
997 So.2d at 1036. This Court granted certiorari review to determine whether the decision of the Court of Civil Appeals conflicts with our holding in Ex parte Drummond Co., supra.
In Drummond we stated:
 "[I]t was the intention of this Court in adopting in Bell [v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968),] the exception to the workers' compensation schedule to address those instances where the injury to a scheduled member caused such impairment to the body as a whole that the benefits reflected on the schedule were not appropriate."
837 So.2d at 834. We continued:
 "We renew our commitment to the policy that underlay the Bell test and that is recognized in the current edition of 4 Lex K. Larson, Larson's Workers' Compensation Law § 87.02 (2001):
 "`The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.'
 ". . . [W]e today adopt the language recited above from Larson, Workers' Compensation Law
§ 87.02, as the test for determining whether an injury to a scheduled member should be treated as unscheduled . . . ."
Drummond, 837 So.2d at 834-35.
Thus, the test is not, as the Court of Civil Appeals stated it, "that the injury to his foot has caused a permanent physical injury to his back," but whether the injury to the scheduled member — here, the foot — interferes with the efficiency of other members, such that this is one of "those instances where the injury to a scheduled member caused such impairment to the body as a whole that the benefits reflected on the schedule were not appropriate."[1] Drummond,837 So.2d at 834. Because the Court of Civil Appeals has applied the wrong test, I concur with the majority opinion to reverse the judgment of that court and remand this case.
[1] It does not appear that Jackson is raising the question this Court left unaddressed in Drummond, i.e., whether one would be entitled to recovery outside of the schedule on the basis of pain that, "although isolated to the scheduled member, causes a disability to the body as a whole."Drummond, 837 So.2d at 836 n. 11.