On Application for Rehearing
This court's opinion of February 21, 1997, is withdrawn, and the following opinion is substituted therefor.
Donna Kay Shaw appeals from the denial of her motion for relief from judgment, filed pursuant to Rule 60(b), Ala.R.Civ.P. We reverse.
On September 21, 1994, Shaw suffered a neck injury during the course of her employment with Dover Furniture Manufacturing Company ("Dover"). A medical examination revealed that Shaw ruptured two cervical disks. On October 14, 1994, she had surgery to fuse the disks. During a post-operative visit to her doctor on November 10, 1994, Shaw reported severe neck pain, and her doctor ordered a myelogram. When the myelogram revealed nothing remarkable, Shaw's doctor recommended physical therapy and cortisone injections for pain relief.
On December 22, 1994, Shaw returned to her doctor for another post-operative visit. During that visit, Shaw complained of low back pain, and she told the doctor that "the therapy [he] had ordered made her worse." The doctor's notes indicate: "[Shaw] says that she has had [low back pain] all along, but my records do not reflect that." The doctor testified by deposition that December 22 was the first time Shaw had complained of low back pain. The doctor informed Dover's workers' compensation carrier that Shaw's low back pain was unrelated to her on-the-job neck injury.
On June 1, 1995, Shaw and the workers' compensation carrier agreed to a lump-sum settlement of Shaw's workers' compensation claim, future vocational rehabilitation benefits, and future medical expenses. Pursuant to § 25-5-83, Ala. Code 1975, the parties sought the circuit court's approval of the settlement because the agreement was for a lump sum payment.
The circuit court approved the settlement, finding that it was "substantially in accordance with the provisions of the Workmen's Compensation Act of Alabama, as amended," and it entered a judgment for Shaw in the amount of the settlement agreement. Shaw did not appeal from that judgment.
Three months later, Shaw filed a Rule 60(b) motion for relief from the judgment, alleging that the settlement was the product of fraud, undue influence, and
 *Page 138