This is a workers' compensation case. We granted the plaintiff Margaret Ford's petition for certiorari review to resolve a question of first impression, specifically, whether a settlement agreement entered into by a worker and her employer at a benefit-review conference conducted by an ombudsman in accordance with Ala. Code 1975, § 25-5-290 et seq., is enforceable if the court does not make a finding, *Page 186 
pursuant to § 25-5-83, that the agreement was in the worker's best interest. We conclude that under the facts of this case, where Ford did not seek to have the settlement agreement set aside until more than 60 days after the date of the agreement, that agreement is enforceable. Accordingly, we affirm the Court of Civil Appeals' no-opinion affirmance of the trial court's order refusing to set aside the settlement agreement.
 I.
Ford was employed by Cagles, Inc. Ford alleged that she had suffered a carpal-tunnel injury and a neck injury and that both injuries were work-related. She sued Cagles, seeking workers' compensation benefits. She and Cagles agreed to participate in a "benefit-review conference," pursuant to Ala. Code 1975, §§25-5-290 through -292. At the benefit-review conference on January 20, 1998, the parties agreed that Ford would resign from her position at Cagles and withdraw her claim regarding an alleged neck injury, and that Cagles would pay her $11,000 in settlement of all claims relating to the carpal-tunnel injury. This settlement agreement was reduced to writing and was signed, at the benefit-review conference, by Ford and her counsel and by Cagles and its counsel.
Ford later became dissatisfied with the attorney who had represented her at the benefit-review conference, and she also changed her mind about the agreement. On March 19, 1998, Cagles filed a motion to "enforce the agreement." Ford hired a new attorney. On April 8, 1998, she objected to the motion to enforce the agreement and asked the court to set aside the agreement. The trial court granted Cagles's motion to enforce the agreement. Ford appealed to the Court of Civil Appeals, and that court, on April 16, 1999, affirmed, without an opinion. Ford v. Cagles,Inc. (No. 2971331), 777 So.2d 328 (Ala.Civ.App. 1999) (table).
 II.
On certiorari review, Ford argues that the trial court erred in approving and enforcing the settlement agreement without first finding either that the agreement was in her best interest or that the agreement would pay her at least as much as she would have been entitled to under the Workers' Compensation Act. See Ala. Code 1975, §§ 25-5-83 and -56. We disagree, because we conclude that in this case court approval of the settlement agreement was not required and Ford did not seek court review of the agreement within 60 days after the parties had signed it. See Ala. Code 1975, § 25-5-290 through -292.
In Shaw v. Dover Furniture Mfg. Co., 700 So.2d 1382
(Ala.Civ.App. 1997), the Court of Civil Appeals explained:
 "There are two circumstances under which a settlement agreement in a workers' compensation dispute must be approved by the circuit judge: when the worker agrees to accept an amount less than provided for by statute, § 25-5-56, and when the worker agrees to accept a lump sum payment in lieu of periodic payments of compensation, § 25-5-83."
700 So.2d at 1384. When a "worker agrees to accept an amount less than provided for by statute," Shaw, the trial court may not approve the settlement unless it "determines that it is for the best interest of the employee." Ala. Code 1975, § 25-5-56. Similarly, when a "worker agrees to accept a lump sum payment in lieu of periodic payments," Shaw, the trial court may not approve the commutation of compensation to a lump-sum payment unless it "is satisfied that it is in the best interest of the employee." Ala. Code 1975, § 25-5-83. *Page 187 
Furthermore, "the better practice is for the trial judge to make a specific finding on the record that the settlement is in the employee's best interest," and, "[i]f the trial judge does not specifically make such a finding, then the record must affirmatively show that the settlement is in the employee's best interest." Shaw, 700 So.2d at 1385.
However, in 1992, the Alabama Legislature provided for an "Ombudsman Program to assist injured or disabled employees . . . in protecting their rights and obtaining information available under the Workers' Compensation Law." Ala. Code 1975, § 25-5-290(a). One of the features of the Ombudsman Program is the "benefit-review conference," which is a "nonadversarial, informal dispute resolution proceeding" conducted by an ombudsman trained in dispute mediation. Ala. Code 1975, § 25-5-291; see §25-5-290(e). The parties may enter into settlement agreements at the benefit-review conference. See § 25-5-292(a), (b). A settlement agreement made at a benefit-review conference is "effective on the date the settlement is signed unless one of the parties submits the settlement to the court for approval as provided in this article [i.e., Article 11 of chapter 5 of Title 25, the article of the Workers' Compensation Act providing for the Ombudsman Program]." § 25-5-292(a); see also § 25-5-290(f)(2). Section 25-5-292(b) further provides that a settlement agreement entered into at a benefit-review conference is "binding on all parties through the final conclusion of all matters relating to the claim, unless within 60 days after the agreement is signed or approved the court on a finding of fraud, newly discovered evidence, or other good cause, shall relieve all parties of the effect of the agreement."
In this case, the parties agreed at the benefit-review conference to settle their dispute by Ford's resigning her position with Cagles and withdrawing her claim for benefits concerning a neck injury, and Cagles's making a lump-sum payment to Ford of $11,000. Ford did not submit the settlement agreement for court approval within 60 days after the date of the settlement agreement.[1] On April 8, 1998, more than 60 days after the January 20 agreement, Ford objected to the enforcement of the agreement and asked the trial court to set aside the agreement. Because Ford's request to set the agreement aside was made more than 60 days after the parties had signed the agreement, the trial court did not have jurisdiction to set it aside. Therefore, the trial court properly refused to do so.
 III.
The trial court properly refused to set aside the settlement agreement entered into by Ford and Cagles at the benefit-review conference. The Court of Civil Appeals properly affirmed the order of the trial court, and we affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, and England, JJ., concur.
Cook and Johnstone, JJ., concur in the result.
[1] In its motion to enforce the settlement agreement, Cagles asserted that "[p]rior to [the date of the motion], Cagles, Inc., has attempted to obtain court approval in this matter," and that "[t]o date, the Plaintiff has failed to agree to court approval." We do not interpret that statement to mean that Cagles asked the court to approve the agreement. Rather, we interpret that statement as meaning that Cagles sought Ford's agreement to obtain court approval. The record contains no indication that Cagles asked the court to approve the settlement agreement. *Page 188