On Application for Rehearing

YATES, Presiding Judge.
The opinion of October 25, 2002, is withdrawn, and the following is substituted therefor.
Barbara Nipper sued her employer, Winn-Dixie Montgomery, Inc., on May 5, 2000, seeking to recover workers’ compensation benefits for an injury to her back she sustained during the course of her employment with Winn-Dixie. Winn-Dix-ie answered the complaint, denying that Nipper was entitled to benefits. The parties agreed to mediate their dispute through the Ombudsman Program, pursuant to § 25-5-290 through § 25-5-294, Ala.Code 1975. On October 9, 2001, the parties entered into a settlement agreement following a benefit-review conference before Ombudsman Douglas R. Nelson. The settlement agreement provided, in part:
“All Alabama Workers’ Compensation benefits are settled and closed for a lump sum of ($21,500) twenty one thousand five hundred and no/100 Dollars. This includes settlement and closure of past, present, [and] future medical, settlement and closure of vocational rehabilitation service, and settlement and closure of all compensation including temporary total disability, temporary partial disability, and permanent partial disability including medical impairment, physical impairment, and vocational disability in Section 25-5-57(a)(3)i.”
Nipper signed an affidavit stating that she understood (1) that she had the right to be represented by counsel and to have the settlement reviewed by the trial court within 60 days of the date of the settlement, and (2) that, at the expiration of that 60-day period, the settlement would be final.
At the request of Winn-Dixie, Nipper, on October 22, 2001, presented the settlement agreement to the trial court for approval.[1] Although the trial court did not enter an order expressly stating its reasoning for refusing to approve the settlement, Nipper alleges in her verified answer that the trial court refused to approve the settlement on October 22, 2001, because it determined that the agreement *434 failed to adequately compensate her for future medical benefits.[2] The trial court, on January 15, 2002, set the case for trial on March 25, 2002. On February 22, 2002, Winn-Dixie moved the court to dismiss Nipper’s workers’ compensation complaint, contending that the parties had entered into an enforceable settlement of Nipper’s claims; in the alternative, Winn-Dixie moved to enforce the settlement agreement. Nipper responded to the motion. The trial court, on March 25, 2002, entered an order denying Winn-Dixie’s motion. Winn-Dixie now petitions this court for a writ of mandamus directing the Monroe Circuit Court either to dismiss Nipper’s workers’ compensation claim with prejudice or to enter an order enforcing the settlement agreement reached between the parties following the benefit-review conference.
Mandamus is an extraordinary writ and will issue only when (1) the petitioner has demonstrated a clear legal right to the relief sought; (2) the respondent has a duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) appellate jurisdiction is properly invoked. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000). Because mandamus is an extraordinary remedy, this court’s standard of review on a petition for a writ of mandamus is simply to determine whether the trial court has clearly abused its discretion. Ex parte King, 776 So.2d 31 (Ala.2000).
The issue presented by Winn-Dixie is whether the trial court abused its discretion and violated § 25-5-292(b), Ala.Code 1975, when it refused to dismiss Nipper’s complaint, or, in the alternative, to enforce the settlement agreement. This court has stated:
“The court’s fundamental duty in interpreting a statute is to determine the legislative intent by examining the language used in the statute, as well as the policy to be promoted and the ends sought by the application of the statute. Ex parte Holladay, 466 So.2d 956 (Ala.1985). The court must interpret provisions of the workers’ compensation statute liberally to accomplish its ‘[beneficent] purposes, and all reasonable doubts should be resolved in favor of the [worker].’ American Tennis Courts, Inc. v. Hinton, 378 So.2d 235, 237 (Ala.Civ.App.), cert. den., 378 So.2d 239 (Ala.1979).”
Ross v. Ellard Constr. Co., 686 So.2d 1190, 1192 (Ala.Civ.App.1996). Section 25-5-292(a), Ala.Code 1975, provides, in part: “A settlement reached hereunder shall, unless otherwise provided herein, be effective on the date the settlement is signed unless one of the parties submits the settlement to the court for approval as provided in this article.” (Emphasis added.) Section 25-5-292(b), provides:
“(b) An agreement signed pursuant to this section shall be binding on all parties through the final conclusion of all matters relating to the claim, unless within 60 days after the agreement is signed or approved the court on a finding of fraud, newly discovered evidence, or other good cause, shall relieve all parties of the effect of the agreement.”
(Emphasis added.)
Relying upon Ex parte Ford, 782 So.2d 185 (Ala.2000), Winn-Dixie argues that Nipper did not move to set the agreement *435 aside within 60 days of the settlement and that the trial court did not enter an order setting the agreement aside based on “fraud, newly discovered evidence, or other good cause” within 60 days of the settlement. Therefore, it says, the settlement agreement is enforceable. In Ex parte Ford, the employee and the employer agreed to participate in a benefit-review conference pursuant to the Ombudsman Program. The parties agreed to a settlement of the employee’s workers’ compensation claim and reduced that agreement to writing on January 20, 1998. The employee later changed her mind about the agreement. On March 19, 1998, the employer moved the court to enforce the settlement agreement. On April 8, 1998, the employee objected to the employer’s motion and moved to set the settlement agreement aside. The trial court granted the employer’s motion and this court affirmed that judgment without an opinion. Ford v. Cagles, Inc., (No. 2971331, April 16, 1999) 777 So.2d 328 (Ala.Civ.App.1999) (table). The supreme court granted the employee’s petition for certiorari. Ex parte Ford, 782 So.2d at 186.
Citing § 25-5-292(a) and (b), the supreme court noted that the employee did not submit the settlement agreement to the trial court for approval within 60 days of the date the settlement was reached. Therefore, the supreme court held, because the employee’s request to set the settlement agreement aside was made more than 60 days after the parties had entered into the settlement agreement, the trial court was without jurisdiction to set aside the settlement agreement. Ex parte Ford, 782 So.2d at 187.
We find the facts of Ex parte Ford to be distinguishable from the facts of this case. In this case, the settlement agreement was reached by the parties on October 9, 2001. According to § 25-5-292(a), the settlement agreement was effective on that date unless one of the parties submitted it to the trial court for approval. On October 22, 2001, Nipper, at the specific request of Winn-Dixie, presented the settlement agreement to the trial court for approval. Because the settlement agreement was submitted to the trial court for approval, we interpret § 25-5-292(a) to mean that the settlement agreement would not become effective unless or until it was approved by the court. The materials before this court on this petition indicate that the trial court refused to approve the settlement agreement on October 22, 2001, because that court determined that the settlement agreement failed to adequately compensate Nipper for future medical benefits. The trial court refused to approve the settlement agreement within 60 days of October 9, 2001 — the date the parties signed the settlement agreement. Nipper was not required to file a separate motion to set aside the settlement agreement based on “fraud, newly discovered evidence, or other good cause,” as Winn-Dixie contends, because the settlement agreement was presented to the trial court for approval and was rejected by the trial court within 60 days of the date it had been signed.
The dissent contends that the failure to adequately compensate an injured employee for future medical benefits is not “other good cause” to relieve the parties from the effect of their settlement agreement under § 25-5-292(b). This conclusion is reached by drawing an analogy between § 25-5-292(b) and Rule 60(b), Ala. R. Civ. P., and by narrowly construing § 25-5-292(b).[3] *436 The theory set forth in the dissent is not a theory that is raised or argued in Winn-Dixie’s petition.
The dissent also states that the result reached by this court in this case will have a chilling effect on the use of the Ombudsman Program in the future. The dissent states that the Legislature intended the Ombudsman Program to be a simpler, quicker, extrajudicial method for resolving workers’ compensation claims in this State. Although the Legislature may have intended the Ombudsman Program to be simpler and quicker, the Legislature surely did not usurp the intended beneficent purpose of the Act for the mere sake of simplicity and expedience. There is no chilling effect on the use of the Ombudsman Program when, as here, a settlement agreement is submitted to the trial court for approval, as provided for by § 25-5-292(a), and that settlement agreement is rejected by the court, thereby relieving the parties of the effect of the settlement agreement, which the court clearly had the right to do under § 25 — 5—292(b).
If this opinion has any chilling effect, hopefully that chilling effect will be on settling workers’ compensation claims through the Ombudsman Program that inadequately compensate the injured workers of this state.
Accordingly, based on the facts of this case, the language of § 25-5-292(a) and (b), and the arguments presented by Winn-Dixie, we conclude that Winn-Dixie has failed to demonstrate a clear legal right to the relief it seeks.
APPLICATION OVERRULED; OPINION OF OCTOBER 25, 2002, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.
PITTMAN, J., dissents.

. Winn-Dixie prepared the document, entitled “Workers' Compensation Settlement Petition and Agreement," that the parties submitted to the trial court.

. Winn-Dixie does not specifically deny or dispute this allegation in Nipper's answer, rather Winn-Dixie contends that such a finding is not supported by the evidence and that the trial court did not enter an order to that effect. Where the answer in response to a petition for a writ of mandamus is not controverted, the allegations of the answer will be taken as true. King v. Smith, 288 Ala. 215, 259 So.2d 244 (Ala.1972).

. It is well settled that the Workers' Compensation Act must be liberally construed in order to accomplish its beneficent purpose. Be *436 thea v. Bruno’s Inc., 741 So.2d 1090 (Ala.Civ.App.1999).