On August 23, 2005, James Simmons sued DuBose Construction Company, L.L.C. (hereinafter "DuBose Construction"), seeking workers' compensation benefits for an injury sustained on February 14, 2005, to his right knee while he was working in the line and scope of his employment with DuBose Construction. On September 27, 2005, DuBose Construction answered and denied liability. On January 30, 2007, before the final hearing in this matter, DuBose Construction filed a motion in limine seeking to exclude any evidence regarding any alleged vocational disability or vocational loss suffered by Simmons as a result of his injury. As grounds for its motion, DuBose Construction argued that Simmons had sustained an injury to a scheduled member and, therefore, that he was not entitled to workers' compensation benefits based upon a vocational loss. The trial court ultimately denied the motion.
Following an ore tenus proceeding, the trial court entered a judgment on March 13, 2007, in which it found that Simmons had suffered a permanent partial disability to the body as a whole and a 15% permanent partial loss of his ability to earn and awarded benefits accordingly. On April 10, 2007, DuBose Construction filed a post-judgment motion; the trial court denied that motion. DuBose Construction timely appealed.
Simmons, who was 48 years old at the time of trial, was employed by DuBose Construction on February 14, 2005, when he slipped and fell in a hole on a construction site, injuring his right knee. Simmons promptly notified his supervisor that he had injured his right knee. A magnetic resonance image of Simmons's right knee revealed that Simmons had sustained a medial meniscus tear of the knee. On April 18, 2005, Dr. Tai Chung operated on Simmons's right knee to repair the medial meniscus tear. Simmons continued to complain of persistent pain and swelling in his right knee. Following a second surgery on the right knee performed by Dr. Tucker Mattox on January 9, 2006, Simmons was placed at maximum medical improvement on February 20, 2006. On March 1, 2006, Simmons returned to work at DuBose Construction. Simmons continued to experience pain in his right knee after returning to work. Simmons testified that the injury to his right knee had adversely affected other parts of his body such that he could no longer perform physical labor. On May 24, 2006, Simmons resigned from his employment with DuBose Construction.
On appeal, DuBose Construction contends that the trial court erred by awarding Simmons workers' compensation benefits based on a loss of earning capacity. Specifically, DuBose Construction argues, among other things, that Simmons sustained an injury to his right knee and, therefore, that he was not entitled to benefits outside of those contained in the compensation schedule set forth in § 25-5-57(a), Ala. Code 1975.
Section 25-5-57(a)(3)a., Ala. Code 1975, provides, in pertinent part:
 "a. Amount and Duration of Compensation. For permanent partial disability, the compensation shall be based upon the extent of the disability. In cases included in the following schedule, the compensation shall be 66% percent of the average weekly earnings, during the *Page 1142 
number of weeks set out in the following schedule:
 ". . . .
 "16. For the loss of a leg, 200 weeks."
Section 25-5-57(a)(3)d. provides:
 "d. Loss of Use of Member. The permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation specified in the schedule for such injury shall be in lieu of all other compensation, except as otherwise provided herein. For permanent disability due to injury to a member resulting in less than total loss of use of the member not otherwise compensated in the schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of use of the respective member which the extent of the injury to the member bears to its total loss."
In Ex parte Drummond Co., 837 So.2d 831 (Ala. 2002), our supreme court addressed the application of § 25-5-57(a)(3)a. and d., stating:
 "In Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), this Court established an exception that removes certain injuries from the workers' compensation schedule. This Court held in Bell:
 "`[Although the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the [Workers'] Compensation Law to the amount allowed under the schedule for injury to the one member.'
 "282 Ala. at 646, 213 So.2d at 811. . . .
 ". . . Specifically, the Bell test permitted an injury to a scheduled member to be compensated outside the schedule if the effect of the injury extends to other parts of the body and
produces a greater or more prolonged incapacity than that which naturally results from the injury to the specific member."
837 So.2d at 833-34. After quoting the exception set forth inBell, the court in Ex parte Drummond renewed its commitment to the policy underlying the Bell test.837 So.2d at 834. Quoting 4 Lex K. Larson, Workers'Compensation Law § 87.02 (2001), the supreme court then concluded:
 "`The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.'
 "(Footnote omitted.) This language remains unchanged from the edition of the Larson treatise on which this Court relied in Bell. Because of the confusion that has developed surrounding the Bell
test, we today adopt the language recited above from Larson, Workers' Compensation Law
§ 87.02, as the test for determining whether an injury to a scheduled member should be treated as unscheduled; therefore, we overrule Bell
insofar as it established a different test. . . ."
Ex parte Drummond, 837 So.2d at 834-35 (footnote omitted).
The test adopted in Ex parte Drummond, supra, does not require an employee to prove damage to the physical structure of other parts of the body in order to *Page 1143 
take his or her injury outside the schedule. Ex parteJackson, [Ms. 1061180, Nov. 16, 2007] ___ So.2d ___ (Ala. 2007). However, our supreme court has recognized that the test set forth in Ex parte Drummond should be narrowly applied. See Ex parte Addison Fabricators, Inc.,989 So.2d 498, 503 (Ala. 2007) ("Because this court-created exception is outside the statutory schedule enacted by the Legislature, we must apply it narrowly.").
In its March 13, 2007, judgment, the trial court concluded that Simmons had suffered a permanent partial disability to his body as a whole and a 15% permanent partial loss of his ability to earn. The trial court did not make findings concerning whether Simmons's injury entitled him to compensation outside the schedule.
In Wal-Mart Stores, Inc. v. Gardner, 885 So.2d 168
(Ala.Civ.App. 2003), this court reversed the judgment of a trial court awarding the employee workers' compensation benefits without specifically setting forth its reason for awarding benefits outside the schedule, stating:
 "The trial court's judgment contains no mention of the so-called 'Bell test' or the rule articulated by our Supreme Court in Drummond Co.; there is no determination of the applicability of the provisions of § 25-5-57(a)(3)a. and d. It is not the role of this court to make the findings contemplated by Drummond Co., or by those statutory provisions; that is the task of the trial court. Ex parte R.T.S., 771 So.2d 475, 477
(Ala. 2000)."
885 So.2d at 172. Similarly, in Addison Fabricators, Inc.v. Davis, 892 So.2d 440 (Ala.Civ.App. 2004), this court, relying on our decision in Wal-Mart, supra, reversed the judgment of the trial court based on its failure to make a determination as to the applicability of § 25-5-57(a)(3)a. and d. In so holding, this court concluded that the "`[t]he trial judge should make a finding of every fact necessary to sustain the judgment of the court.'" 892 So.2d at 443 (quotingUnited Tel. Tel. Co. v. Culiver, 271 Ala. 568,570, 126 So.2d 119, 120-21 (1961)).
Given the trial court's failure to make findings concerning whether Simmons's injury entitled him to workers' compensation benefits outside the schedule, we must reverse the judgment of the trial court and remand the cause for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.