MOORE, Judge.
Goodyear Tire & Rubber Company (“the employer”) appeals from a judgment entered by the Jefferson Circuit Court (“the trial court”) awarding Stephen Dale Bush (“the employee”) permanent-total-disability benefits pursuant to the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 <et seq., Ala.Code 1975. We affirm in part and reverse in part.

Procedural Background

On August 15, 2012, the employee filed a complaint seeking workers’ compensation benefits oh account of an alleged February 11, 2011, accidental injury to his right knee. The employer filed an answer denying that it had received notice of the accident and denying that the accident had caused the employee an injury for which he was entitled to benefits under the Act. The parties proceeded to trial on May 18, 2013. Following the trial, but before the entry of any judgment, the parties sought approval from the trial court of a settlement, which request the trial court denied after a hearing held on July 29, 2013. On July 31, 2013, the trial court issued a lengthy judgment containing extensive findings of fact and conclusions of law. In the judgment, the trial court found that the employee had injured his right knee in an accidental fall arising out of and in the course of his employment with the employer and that the employer had adequate notice of the accident. Based on the injury, the trial court awarded the employee permanent-total-disability benefits in a lump sum. The employer timely filed a postjudgment motion, which the trial court granted in part and denied in part, amending its judgment to remove any requirement that future compensation be paid in a lump sum and assessing a 15% statutory penalty against the employer on past-due compensation. See § 25-5-59(b), Ala.Code 1975. The employer filed a second post-judgment motion directed at the amended portions of the final judgment,[1] which the *790 trial court granted in part and denied in part on October 29, 2013. The employer timely appealed.

Issues

On appeal, the employer asserts that the judgment should be reversed for the following reasons: (1) because the trial court exceeded its discretion in refusing to approve the settlement tendered by the parties; (2) because the trial court erred in finding that the employee provided adequate notice of the workplace accident; (3) because the trial court erred in finding that the schedule set out in § 25-5-57(a)(3), Ala.Code 1975, did not apply; (4) because the trial court erred in finding that the employee was permanently and totally disabled; and (5) because the trial court erred in assessing a 15% penalty on past-due compensation. We address each contention in turn.

Refusal to Approve the Settlement

In its final judgment, the trial court noted that the parties had reached an agreement to settle the employee’s workers’ compensation claim. In that settlement, the employee apparently agreed to waive his right to future medical treatment for his right-knee injury.[2] According to the trial court’s judgment, the employee’s counsel advised the employee against accepting the settlement. The trial court stated in its judgment that it had “misgivings” concerning the proposed settlement based on the testimony and demeanor of the employee at the settlement hearing. The trial court stated that it had advised counsel for the parties in chambers that it could not, in good conscience, approve the settlement, giving the parties 48 hours to renegotiate its terms. After that 48-hour period lapsed, the parties informed the trial court that they had not been able to agree on new or different terms, at which point the trial court informed the parties that the settlement would not be approved.
The employer argues that the parties reached the settlement based on their views of the evidence as presented at trial and their consideration of the possible outcome of the case, which had not yet been decided. The employer maintains that it presented a strong defense to the employee’s claim based on lack of notice and the applicability of the schedule. The employer further maintains that § 25-5-292(b), Ala.Code 1975, allows a court to relieve a party of a settlement mediated by an ombudsman in only limited circumstances, none of which were proven at the settlement hearing.
The record does not affirmatively indicate that the parties mediated their settlement through an ombudsman, but, even assuming that they did, the record shows that the parties subsequently submitted the agreement to the trial court for its approval. See § 25-5-290(f)(2), Ala. Code 1975 (authorizing, but not requiring, parties to submit a settlement mediated by an ombudsman to a circuit court for approval within 60 days). Pursuant to § 25-5-292(a), Ala.Code 1975, a settlement mediated by an ombudsman becomes effective on the date it is signed “unless one of the parties submits the settlement to the court *791 for approval as provided in this article [i.e., Article 11 of the Act, § 25-5-290 through § 25-5-294].” In cases in which a party timely submits a settlement for approval by a circuit court,[3] the settlement becomes final and binding only once approved by the circuit court. See Ex parte Winn-Dixie Montgomery, Inc., 865 So.2d 432, 435 (Ala.Civ.App.2003) (Per Yates, P.J., with three Judges concurring in the result). In that event, the circuit court does not conduct a hearing to decide whether the settlement should be set aside based on fraud, newly discovered evidence, or other good cause, see §”25-5-292(b), but, rather, to decide whether the settlement serves the best interests of. the employee. See § 25-5-56, Ala.Code 1975; and Ex parte Winn-Dixie Montgomery, Inc., supra.
In its judgment, the trial court set out ample reasons why it determined that the settlement did not serve the best interests of the employee. The record does not include a transcript of the settlement hearing, so we must presume that the evidence adduced at that hearing fully supports the factual findings made by the trial court. See Breeden v. Alabama Power Co., 689 So.2d 170, 170 (Ala.Civ.App.1997). Thus, although the employer argues that the settlement was fair given the circumstances, we hold that the trial court did not commit any legal error in refusing to approve the settlement.

Notice

Section 25-5-78, Ala.Code 1975, generally requires an employee injured in a work-related accident to give the employer written notice of the accident within five days of its occurrence. By caselaw, an employee may fulfill that requirement by orally notifying a supervisor of an accident within the deadlines set out in § 25-5-78. See Beatrice Foods Co. v. Clemons, 54 Ala.App. 150, 154, 306 So,2d 18, 20 (Civ.App.1975). In this case, the trial court found that, on February 11, 2011, just before clocking in, the employee stumbled and fell on his right knee while negotiating a flight of steps leading down to an area where he normally prepared his tools for the day’s work. According to the trial court, the employee immediately climbed back up the stairs and notified his supervisor, Daniel Vasquez, of the accident. Both the employee and Vasquez “laughed off’ the accident, and no formal accident report was completed. Although some evidence disputes the exact chronology of events as found by the trial court, substantial evidence fully sustains the trial court’s ultimate finding that the employee orally notified a supervisor of his accident on the date that it occurred. See § 25-5-81(e)(2), Ala.Code 1975 (requiring appellate court to accept findings of fact supported by substantial evidence).
The employer nevertheless maintains that the employee failed to provide it any notice that he had injured his knee in the accident. Section 25-5-79, Ala.Code 1975, provides that an employee involved in a work-related accident should advise the employer of the nature of any injury received in an accident “ ‘so far as now known.’” Furthermore, in Honda Manufacturing of Alabama, LLC v. Alford, 6 So.3d 22 (Ala.Civ.App.2007), this court held that, “[although § 25-5-78[, *792 Ala.Code 1975,] refers to notice of an ‘accident,’ Alabama caselaw indicates that the pertinent inquiry is whether the employer has received actual notice of the pertinent injury.” 6 So.3d at 26. Additionally, caselaw provides that the purpose of the notice statute is to enable the employer to provide immediate medical diagnosis and treatment in an effort to minimize the seriousness of the injury and to facilitate the earliest possible investigation of the facts surrounding the injury so that the employer may protect itself from simulated or exaggerated claims. See Ex parte Singleton, 6. So.3d 515, 519 (Ala.2008). Thus, to comply with the literal terms and underlying purpose of the notice statutes, the burden rests on the employee to not only notify the employer of the occurrence of a work-related accident, but also to inform the employer that the employee claims the accident caused an injury of some nature. See, generally, Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906, 908 (Ala.Civ.App.1994) (“The employee has the burden of proving that the employer had notice or knowledge of the injury.”).
In its conclusions of law, the trial court set out that “evidence submitted from both parties indicates that Mr. Vasquez was aware that [the employee] fell and hurt his right knee.” (Emphasis added.) The Act excuses an employee’s failure to give or to cause to be given written notice to the employer when the employer has received adequate actual knowledge of the injury to the employee. See Steele v. General Motors Corp., 705 So.2d 402, 404 (Ala.Civ.App.1997). Although Vasquez testified that the employee did not inform him of any injury resulting from that fall, the employee testified that he did tell Vasquez that he had hurt his right knee in the accident. The employee testified that the injury had seemed minimal at the time, so he took an aspirin and continued working. Both Vasquez and the employee testified that the employee limped before the fall. Vasquez testified that the employee had continued to limp in the same manner after the accident, so he had not connected the limping to the fall. However, the employee testified that, in the weeks following the fall, he had told Vasquez that his knees were swelling and hurting him worse than before and that Vasquez had given him knee pads to ease his discomfort. The trial court specifically found the employee’s testimony more credible than that of Vasquez. We conclude that substantial evidence supports the finding that Vasquez knew that the employee had injured his right knee in the accident. At the very least, the testimony of the employee, as believed by the trial court, see Mobile Airport Auth. v. Etheredge, 94 So.3d 397, 405 (Ala.Civ.App.2012) (holding that, whether the employer has received actual knowledge so as to remove the written-notice requirement depends on the facts of each case as determined by the trial court), conveyed sufficient information to Vasquez “ ‘as would put a reasonable man on inquiry.... that the [knee problem] was work-related.’ ” Russell Coal Co. v. Williams, 550 So.2d 1007, 1012 (Ala.Civ.App.1989) (quoting Pojanowski v. Hart, 288 Minn. 77, 81, 178 N.W.2d 913, 916 (1970)); see also Ex parte Singleton, 6 So.3d at 520 (holding that an employer has “actual knowledge” of a work-related injury when provided information that would lead a reasonable man to inquire as to whether disability is work-related).
We further note that the trial court alternatively concluded that the employee had provided the employer written notice of his right-knee injury on August 30, 2011, which the trial court found to be timely because the employee was physically incapacitated from April 4, 2011, to July 14, 2011, due to a gall-bladder attack. Section 25-5-78 excuses an employee from *793 giving notice of an injury within five days when “it can be shown that [the employee] had been prevented from doing so by reason of physical ... incapacity.” However, that savings clause does not apply after 90 days, so, if an employee has not properly notified the employer by the end of 90 days, the claim is barred regardless of any physical incapacity of the employee. See United Auto Workers Local 1155 v. Fortenberry, 926 So.2d 356, 359 (Ala.Civ.App.2005). The trial court erred in concluding that the August 30, 2011, written notice, given well after 90 days of the accident, complied with the time limitations set out in § 25-5-78. Nevertheless, the employer has not argued that point, and, thus, that conclusion, although legally incorrect, has now become the law of the case. See Alabama Dep’t of Revenue v. National Peanut Festival Ass’n, 51 So.3d 353, 356 (Ala.Civ.App.2010) (“‘[W]hatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.’ ” (quoting Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987))). Accordingly, even if the record did not contain substantial evidence indicating that Vasquez had timely actual knowledge of the injury, we still would have to affirm that portion of the judgment finding that the employer received adequate notice of the employee’s right-knee injury. See Austin v. Providence Hosp., 155 So.3d 1028, 1030 (Ala.Civ.App.2014) (“When a trial court enters conclusions of law stating alternative legal grounds for its judgment, the failure of an appellant to show error as to each ground in his or her opening brief constitutes a waiver of any argument as to the omitted ground and results in an automatic affirmance of the judgment.”); see also Soutullo v. Mobile Cnty., 58 So.3d 733, 738 (Ala.2010).

Disability

In its judgment, the trial court determined that the right-knee injury had limited the employee to working light-duty jobs requiring no stooping, squatting, kneeling, climbing, or lifting over 20 pounds. The trial court found that those restrictions prevented the employee from returning to work as an automobile mechanic, his primary occupation for over 40 years. Relying on the testimony of a vocational expert retained by the employee, the trial court concluded that the employee was permanently and totally disabled within the meaning of § 25-5-57(a)(4)d., Ala. Code 1975 (“[A]ny physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment, shall constitute prima facie evidence of permanent total disability-”). Because the trial court concluded that the employee qualified for permanent-total-disability benefits on the basis of the vocational impact of the right-knee injury, the trial court rejected the employer’s argument that the disability benefits should have been limited to those set out in “the schedule,” i.e., § 25-5-57(a)(3)a.l6., Ala.Code 1975, for the partial loss of the use of a leg.
In Werner Co. v. Williams, 871 So.2d 845 (Ala.Civ.App.2003), which is cited in the trial court’s judgment, this court implied that, if a court finds that an employee has sustained a permanent total vocational disability, the schedule would not apply to limit his or her compensation because the schedule applies solely to permanent partial disabilities. 871 So.2d at 855. However, in Advantage Sales of Alabama, Inc. v. Clemons, 36 So.3d 517 (Ala.Civ.App.2008), this court held:
“The trial court’s reliance on dicta in Werner Co. v. Williams, supra, is mis *794 placed. Our supreme court’s decisions in [Leach Manufacturing Co. v.] Puckett [, 284 Ala. 209, 224 So.2d 242 (1969),] and [Ex parte ] Drummond [Co., 837 So.2d 831 (Ala.2002),] dictate that the trial court must first determine whether the permanent injury to the scheduled member extends to and interferes with other nonscheduled parts of the employee’s body. If the injury to the scheduled member does not extend to other parts of the employee’s body, then the injury is classified as a matter of law as a permanent partial disability and the schedule set forth in § 25-5-57(a)(3)[, Ala.Code 1975,] governs the amount of compensation due the employee -without consideration of any vocational disability.”
36 So.3d at 527. This court further adhered to that reasoning in Gold Kist, Inc. v. Porter, 35 So.3d 608 (Ala.Civ.App.2008), by holding that a circuit court must first consider whether the schedule or an exception to the schedule applies before assessing compensation based on a vocational disability. 35 So.3d at 613.
Under current Alabama law, a permanent injury to the knee generally is treated as a scheduled injury to the leg. See, e.g., DuBose Constr. Co. v. Simmons, 989 So.2d 1140 (Ala.Civ.App.2008). However, an injury to the knee may be compensated outside the schedule if the effects of the injury extend to other parts of the body and interfere with their efficiency, see Ex parte Drummond Co., supra, or if the pain from the injury, although isolated in the injured member, totally, or virtually totally, debilitates the employee. See Norandal U.S.A., Inc. v. Graben, 18 So.3d 405 (Ala.Civ.App.2009). A permanent injury to a scheduled member cannot be treated as nonscheduled solely on the basis of a permanent total vocational disability, however. Clemons, supra.
The trial court erred by using the vocational disability of the employee as the basis for the compensation award without first deciding that an exception to the schedule applied. The employer urges this court to find that no exception applies based on the record on appeal. However, it is the duty of the trial court to first make findings on factual issues, and it is the duty of this court to review those findings to determine if those findings are supported by substantial evidence. See Graben, 18 So.3d at 416. Thus, we reverse the judgment of the trial court on this issue, and we remand the case for the trial court to make appropriate findings of fact based on the evidence admitted at trial as to whether the schedule or an exception to the schedule applies and to amend its judgment accordingly.

Penalty

Section 25-5-59(b), Ala.Code 1975, provides, in pertinent part:
“If any installment of compensation payable is not paid without good cause within 30 days after it becomes due, there shall be added to the unpaid installment an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the installment.”
In its final amended judgment, the trial court ordered the employer to pay $4,774.43 as a 15% penalty for all installments of permanent-total-disability benefits that were owed to the employee from the last date of the employee’s employment. The employer maintains that the trial court erred in assessing any penalty because it had “good cause” for denying the employee’s claim for benefits. The failure to pay within 30 days of the due date will be excused by reason of a good-faith dispute between the parties as to the liability for the compensation, see, e.g., Goodyear Tire & Rubber Co. v. Muilenburg, 990 So.2d 434, 439 (Ala.Civ.App.2008) (trial court erred in assessing penalty *795 when employer had good-faith reason to believe employee, who received injuries in fall at work, did not suffer accident ¿rising out of the employment), or as to the amount of compensation owed, see, e.g., Sullivan, Long & Hagerty, Inc. v. Goodwin, 658 So.2d 493, 496 (Ala.Civ.App.1994).
We agree with the employer that the trial court erred in assessing the statutory penalty. The record reveals a good-faith dispute between the employer and the employee as to the employer’s liability for the employee’s right-knee injury. Although the trial court found much fault in the maimer in which the employer handled the claim, it remains that the employer presented substantial evidence to controvert the claim and that nothing in the record indicates that the employer defended the claim without good cause. We therefore reverse the judgment insofar as it assesses a penalty against the employer, and we remand the case with instructions for the trial court to vacate that portion of its amended judgment assessing the 15% penalty.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Although the Rules of Civil Procedure do not allow for successive postjudgment motions seeking the same relief, a party may file a second postjudgment motion if a court has *790 amended a judgment to the prejudice of that party and that prejudice could not have been addressed in the original postjudgment motion. See Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985). In that event, the second postjudgment motion tolls the time for taking an appeal. See J.H.F. v. P.S.F., 835 So.2d 102.4, 1026 (Ala.Civ.App.2002).

. The proposed settlement documents are not in the record. The employer moved the trial court to supplement the record to include the settlement documents, but the trial court denied that' motion. The employer did not take any further action to have the settlement documents included in the record. See Rule 10(f), Ala. R. Civ. P.

. Section 25-5-292 gives the parties 60 days to submit their settlement to a court for approval. The record does not show whether the parties complied with that deadline, but neither party argues that the settlement was submitted beyond 60 days, so we consider that argument to be waived. Muhammad v. Ford, 986 So.2d 1158, 1165 (Ala.2007) (“'An argument not made on appeal is abandoned or waived.’ " (quoting Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2003))).